## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

ROSA ARIAS,                           :
                                      :
           Plaintiff,                 :
                                      :
    v.                                :        Civil Action No. 15-1258 (GK)
                                      :
MARRIOTT INTERNATIONAL, INC.,         :
                                      :
           Defendant.                 :

## MEMORANDUM OPINION

Plaintiff Rosa Arias ("Plaintiff") brings this action against Defendant, Marriott International, Inc. ("Defendant" or "Marriott"), for herself and others similarly situated. This matter is presently before the Court on Plaintiff's Motion for Class Certification [Dkt. No. 11].

Upon consideration of the Motion, Opposition [Dkt. No. 57], Reply [Dkt. No. 59], and the entire record herein, and for the reasons set forth below, Plaintiff's Motion shall be **denied**.

## I.   BACKGROUND

### A.   Factual Background

In 2003, Plaintiff Rosa Arias began working in the Housekeeping Department at Defendant's Washington Marriott at Metro Center. Second Amended Complaint ¶¶ 3, 16, 19 ("SAC") [Dkt. No. 31]. In fulfilling her housekeeping duties, Ms. Arias regularly used hazardous chemicals without the use of Personal Protective Equipment ("PPE"). Id. ¶¶ 3, 16, 17. Ms. Arias asserts that as a result of working with these chemicals without PPE, she suffered severe eye irritation, headaches, respiratory illness and chest pain. Id. ¶ 4.

In 2015, Ms. Arias requested a four-month medical leave of absence. Id. ¶ 5. While on leave, Ms. Arias gave deposition testimony in another case, Sanchez v. Marriott Corporation, 12-cv-1577 (D.D.C.), a Title VII suit against Defendant's affiliate Marriott Corporation, about the chemicals she used in her job. SAC ¶¶ 7-12. The day before she intended to return to work, Ms. Arias was informed by Marriott that she would be terminated. Id. ¶14. Nonetheless, on September 20, 2015, Ms. Arias returned to her position at Defendant's hotel after nearly four months of unpaid leave. To the Court's knowledge, Ms. Arias remains employed at Defendant's hotel.

## B. Procedural History

On or about June 15, 2015, Ms. Arias filed a Complaint in the Superior Court of the District of Columbia. See Corrected Notice of Removal at 1 [Dkt. No. 2]. On August 8, 2015, Marriott filed a Notice of Removal from D.C. Superior Court [Dkt. No. 1]. On September 10, 2015, Ms. Arias filed her Motion for Class Certification [Dkt. No. 11]. With leave of the Court, on April 21, 2016, Ms. Arias filed a Second Amended Complaint [Dkt. No. 30], which is now the operative Complaint in this matter. Although the Second Amended Complaint initially set forth eight claims, Ms. Arias voluntarily dismissed three claims before the Court considered Marriott's Motion to Dismiss Plaintiff's Second Amended Complaint [Dkt. No. 33]. In a Memorandum Opinion [Dkt.. No. 53] addressing Ms. Arias' five remaining claims, the Court granted in part and denied in part Marriott's Motion to Dismiss. The Court dismissed Ms. Arias' racial discrimination claim, wrongful termination claim, and aggravated assault claim. As a result, three of Ms. Arias' claims have survived: (1) retaliation under Title VII, (2) breach of contract, and (3) breach of implied covenant of good faith and fair dealing.

On December 4, 2016, Defendant filed its Opposition to the Motion for Class Certification [Dkt. No. 57]. Ms. Arias filed her Reply in Support of the Motion on January 3, 2017.

## II.     WHERE WE STAND NOW

As noted, Plaintiff's Motion for Class Certification became ripe on January 3, 2017. Thereafter, the lawyer who had been representing Ms. Arias, had a medical problem and asked for a lengthy continuance.

The Court has read the briefs for the Motion for Class Certification and has concluded that Plaintiff's original counsel is indeed in need of a great deal of additional help in moving forward with the Motion for Class Certification.  See Dkt. No. 53 at 17 n. 6.

The Court inquired from appropriate individuals at the District of Columbia Bar about the need for additional help for Plaintiff's counsel, but they indicated that they would not be able to provide such help for the current counsel.

While this Court has no views about the merits of this case, it is certainly possible that there could be much merit to Ms. Arias' case.  Consequently, the Court has asked a prominent District of Columbia law firm, which does a great deal of work on complex class action cases, to examine the ECF record in this case to determine whether it would be interested in taking a major role in furthering Ms. Arias' position.  The Court hopes that the firm's preliminary examination can be completed by August 15, 2017.  In any event, on or before September 1, when this Judge will be retiring, the case will be assigned to another Judge.

For these reasons, the Court is **denying without prejudice** Plaintiff's Motion for Class Certification. The Court will advise all Parties before September 1, 2017, as to what, if any, decision has been made by the firm to which the case was sent for examination.

July 19, 2017

_Gladys Kessler_

Gladys Kessler
United States District Judge